### SLING et al. v. CENTRAL UNION GAS CO.

(Supreme Court, Appellate Term, First Department. December 16, 1913.)

GAS (§ 13*)—GAS COMPANIES—RIGHT TO REQUIRE DEPOSIT.

    Under Transportation Corporations Law (Consol. Laws 1909, c. 63) §§ 63, 65, providing that every gas company may require every person to deposit with it a reasonable sum to secure payment of the gas to be used for two calendar months, a gas company may disconnect the gas meter where plaintiffs refused to increase their deposit, so as to cover the approximate amount of gas which would probably be used during the course of two months.

    [Ed. Note.—For other cases, see Gas, Cent. Dig. §§ 5–9; Dec. Dig. § 13.*]

    Seabury, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Robert J. Sling and Eugene Callahan, copartners doing business under the firm name of Sling & Callahan, against the Central Union Gas Compay.  From a judgment for plaintiffs, defendant appeals.  Reversed and remanded.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

H. E. Alsberg, for appellant.

Willoughby B. Dobbs, of New York City, for respondents.

BIJUR, J.  Plaintiffs sued defendant for a trespass committed by one of its agents in entering upon the plaintiffs' premises and shutting off the gas.  While such action was not justified because of nonpayment of bills for gas, it was warranted by plaintiffs' refusal to make a reasonable deposit, as requested by defendant, to secure the amount of gas "required or proposed to be used for two calendar months."  Plaintiffs made an original deposit of $25, and when, in the course of some six months, it developed that their bills ran from $20 to $30 a month, the defendant twice demanded an additional deposit of $24, which plaintiffs refused to make.  Under sections 63 and 65 of the Transportation Corporations Law, the defendant was justified in shutting off the gas.  See, also, Ford v. Brooklyn Gas Light Co., 3 Hun, 621.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

GUY, J., concurs.  SEABURY, J., dissents.